IN THE COURT OF APPEALS OF NORTH CAROLINA

 2021-NCCOA-181

 No. COA20-332

 Filed 4 May 2021

 Halifax County, No. 96 CRS 328

 STATE OF NORTH CAROLINA,

 v.

 ROBERT STEVENSON DOISEY, Defendant.

 Appeal by Defendant from judgment entered 7 January 2020 by Judge

 Josephine K. Davis in Halifax County Superior Court. Heard in the Court of Appeals

 23 February 2021.

 Attorney General Joshua H. Stein, by Assistant Attorney General Joseph L.
 Hyde, for the State.

 Sean P. Vitrano for Defendant-Appellant.

 GRIFFIN, Judge.

¶1 Defendant Robert Stevenson Doisey appeals from a judgment entered upon

 resentencing for two counts of first-degree statutory sex offense. Defendant argues

 that he is entitled to a new sentencing hearing because the trial court failed to ensure

 that Defendant validly waived his right to counsel prior to the resentencing hearing.

 After careful review, we vacate the trial court’s judgment and remand for

 resentencing.

 I. Factual and Procedural Background
 STATE V. DOISEY

 2021-NCCOA-181

 Opinion of the Court

¶2 In April 1997, Defendant was convicted of two counts of first-degree statutory

 sex offense and sentenced as a prior record level IV to 339-416 months in prison. On

 9 December 2019, Defendant filed a pro se Motion for Appropriate Relief (“MAR”)

 with the trial court, arguing that he was improperly sentenced as a prior record level

 IV and that he should have been sentenced as a prior record level III.

¶3 This matter was heard on 7 January 2020 in Halifax County Superior Court.

 Prior to the hearing, the following colloquy occurred between the trial judge and

 Defendant:

 THE COURT: Good morning, Mr. Doisey. We are here in
 file number 96-CRS-328 through 331. I have had an
 opportunity to review your Motion for Appropriate Relief
 regarding resentencing. Before we begin, I wanted to know
 if you want to continue to represent yourself in this matter,
 or were you asking for assistance from counsel?

 THE DEFENDANT: I will represent myself.

 THE COURT: Yes, sir. And I am not sure if you have
 previously signed any documentation indicating that you
 were representing yourself in this matter.

 THE DEFENDANT: No, ma’am.

 THE COURT: If I could just get you just to sign a waiver
 indicating that you were apprised of your right to have
 counsel assist you in this matter, or represent you in this
 matter, and that you are indicating that you would like to
 represent yourself.

 (Pause while [D]efendant signed document)
 STATE V. DOISEY

 2021-NCCOA-181

 Opinion of the Court

 ....

 The trial court then proceeded with the hearing.

¶4 During the hearing, the State conceded that Defendant’s prior conviction for

 misdemeanor escape was misclassified as a felony when Defendant was originally

 sentenced. Accordingly, Defendant should have been sentenced as a prior record level

 III instead of IV. The trial court then entered a judgment resentencing Defendant as

 a prior record level III to a term of 336-413 months’ imprisonment. Defendant

 provided written notice of appeal.

 II. Analysis

¶5 Defendant argues that he is entitled to a new sentencing hearing because the

 trial court failed to ensure that he validly waived his right to counsel prior to the

 resentencing hearing. We agree.

¶6 “The right to counsel at all critical stages in criminal proceedings is guaranteed

 by the Sixth and Fourteenth Amendments of the United States Constitution and

 Article I, Section 23 of the North Carolina Constitution.” State v. Boyd, 205 N.C. App.

 450, 453, 697 S.E.2d 392, 394 (2010) (citing State v. McFadden, 292 N.C. 609, 234

 S.E.2d 742 (1977)). “It is well-established that sentencing is a critical stage of a

 criminal proceeding to which the right to . . . counsel applies.” State v. Rouse, 234

 N.C. App. 92, 95, 757 S.E.2d 690, 692 (2014) (citation and internal quotation marks

 omitted). “Accordingly, [t]his Court has held that the threat of imprisonment at a
 STATE V. DOISEY

 2021-NCCOA-181

 Opinion of the Court

 resentencing hearing triggers an absolute right to counsel under the Sixth

 Amendment and N.C. Gen. Stat. § 7A-451.” Id.; see also Boyd, 205 N.C. App. at 454,

 697 S.E.2d at 394 (“[A]n indigent defendant is entitled to be represented at a

 resentencing proceeding at which he or she is at risk of being sentenced to

 imprisonment.” (citation omitted)).

¶7 Once the constitutional right to counsel is triggered, a defendant may waive

 his right to counsel and elect to represent himself only after the trial court ensures

 that the defendant’s waiver is valid pursuant to N.C. Gen. Stat. § 15A-1242, which

 provides:

 A defendant may be permitted at his election to proceed in
 the trial of his case without the assistance of counsel only
 after the trial judge makes thorough inquiry and is
 satisfied that the defendant:

 (1) Has been clearly advised of his right to the
 assistance of counsel, including his right to the
 assignment of counsel when he is so entitled;

 (2) Understands and appreciates the consequences
 of this decision; and

 (3) Comprehends the nature of the charges and
 proceedings and the range of permissible
 punishments.

 N.C. Gen. Stat. § 15A-1242 (2019). “The provisions of N.C. Gen. Stat. § 15A-1242 are

 mandatory where the defendant requests to proceed pro se[,]” and “[t]he execution of
 STATE V. DOISEY

 2021-NCCOA-181

 Opinion of the Court

 a written waiver is no substitute for compliance by the trial court with the statute.”

 State v. Evans, 153 N.C. App. 313, 315, 569 S.E.2d 673, 675 (2002) (citations omitted).

¶8 N.C. Gen. Stat. § 15A-1242 and our caselaw construing its requirements

 clearly demand more than the surface inquiry conducted by the trial court in this

 case. See Boyd, 205 N.C. App. at 453-54, 697 S.E.2d at 394-95. For example, in Boyd,

 this Court held that the following colloquy between the trial court and a defendant

 during a resentencing hearing did not amount to a valid waiver:

 THE COURT: Mr. Boyd, do you wish to be represented by
 counsel at the resentencing?

 [DEFENDANT]: No.

 THE COURT: Mr. Barnes, I am going to appoint you as
 standby counsel based on the defendant’s election to
 represent himself. Sheriff, would you ask him to sign a
 waiver indicating that he is going to be representing
 himself.

 [DEFENDANT]: I ain’t signing nothing.

 THE COURT: Let the record reflect that the defendant has
 been offered an opportunity to execute a waiver of his
 rights after he announced to the Court that he wishes to
 represent himself.

 Id.

¶9 As in Boyd, the trial court in this case asked Defendant, “I wanted to know if

 you want to continue to represent yourself in this matter, or were you asking for

 assistance from counsel?” Defendant replied that he wished to proceed pro se, and
 STATE V. DOISEY

 2021-NCCOA-181

 Opinion of the Court

 the trial court requested that Defendant sign a form waiving his right to counsel. The

 trial court conducted no further inquiry before proceeding with the hearing. Absent

 a more searching inquiry, we conclude that the colloquy between Defendant and the

 trial court did not comply with the requirements of a valid waiver under N.C. Gen.

 Stat. § 15A-1242.

¶ 10 The State’s primary argument on appeal is that the trial court erred by

 granting Defendant’s MAR because the MAR was procedurally barred based upon his

 prior appeal and several prior MARs. In fact, the State “concedes the trial court erred

 by granting Defendant’s MAR. The trial court did not err however by awarding

 Defendant the remedy he sought.”

¶ 11 We cannot consider the State’s argument for two reasons. First, the State did

 not cross-appeal the trial court’s ruling granting the MAR by filing a petition for

 review by certiorari pursuant to N.C. Gen. Stat. § 15A-1422(c)(3). The State may

 seek discretionary appellate review of an order granting an MAR but did not do so

 here. See State v. Stubbs, 368 N.C. 40, 43, 770 S.E.2d 74, 76 (2015) (“[G]iven that our

 state constitution authorizes the General Assembly to define the jurisdiction of the

 Court of Appeals, and given that the General Assembly has given that court broad

 powers ‘to supervise and control the proceedings of any of the trial courts of the

 General Court of Justice,’ [N.C. Gen. Stat.] § 7A-32(c) [(2014)], and given that the

 General Assembly has placed no limiting language in subsection 15A-1422(c)
 STATE V. DOISEY

 2021-NCCOA-181

 Opinion of the Court

 regarding which party may appeal a ruling on an MAR, we hold that the Court of

 Appeals has jurisdiction to hear an appeal by the State of an MAR when the

 defendant has won relief from the trial court.”). Second, the State did not oppose

 Defendant’s MAR before the trial court. The State did not raise any argument before

 the trial court regarding a procedural bar and instead agreed Defendant should be

 resentenced. Because the State did not raise its arguments before the trial court and

 did not advise the trial court of Defendant’s prior MAR proceedings, we cannot

 consider this argument on appeal. See N.C. R. App. P. 10(a)(1) (“In order to preserve

 an issue for appellate review, a party must have presented to the trial court a timely

 request, objection, or motion, stating the specific grounds for the ruling the party

 desired the court to make if the specific grounds were not apparent from the

 context.”); see also State v. Canady, 330 N.C. 398, 401, 410 S.E.2d 875, 878 (1991)

 (“The purpose of [Rule 10(a)(1)] is to require a party to call the court’s attention to a

 matter upon which he or she wants a ruling before he or she can assign error to the

 matter on appeal.” (citations omitted)).

¶ 12 Lastly, although the State also concedes that Defendant “had a statutory right

 to counsel at the hearing on his MAR[,]” it argues that Defendant did not have “a

 constitutional right to counsel at a postconviction hearing on his MAR.” The State

 contends that because Defendant only had a statutory right to counsel, Defendant

 must show prejudice resulting from the trial court’s failure to ensure that Defendant
 STATE V. DOISEY

 2021-NCCOA-181

 Opinion of the Court

 validly waived his right to counsel during the post-MAR resentencing hearing. See

 N.C. Gen. Stat. § 15A-1443(a) (2019) (“A defendant is prejudiced by errors relating to

 rights arising other than under the Constitution of the United States when there is

 a reasonable possibility that, had the error in question not been committed, a

 different result would have been reached at the trial out of which the appeal arises.”).

¶ 13 We find this argument uncompelling. As previously discussed, “the threat of

 imprisonment at a resentencing hearing triggers an absolute right to counsel under

 the Sixth Amendment and N.C. Gen. Stat. § 7A-451.” Rouse, 234 N.C. App. at 95,

 757 S.E.2d at 692 (citation and internal quotation marks omitted). This right is

 triggered regardless of whether the resentencing hearing is conducted pursuant to an

 MAR or not. Id. Indeed, this Court has previously held that a defendant’s

 constitutional right to counsel attaches at a resentencing hearing held pursuant to a

 granted MAR. See id. at 93, 95, 757 S.E.2d at 691-92 (holding that a criminal

 defendant had a constitutional right to counsel during a resentencing hearing held

 pursuant to an MAR where the defendant was improperly sentenced as a prior record

 level III instead of a prior record level II).

¶ 14 Because a constitutional right to counsel attaches at a resentencing

 proceeding, Defendant is not required to show prejudice resulting from the trial

 court’s failure to ensure that he validly waived his right to counsel. Boyd, 205 N.C.

 App. at 452-54, 697 S.E.2d at 393-94. In Boyd, for example, the defendant was
 STATE V. DOISEY

 2021-NCCOA-181

 Opinion of the Court

 serving a term of 21-26 months’ imprisonment at the time of the resentencing

 hearing. Id. at 452-53, 697 S.E.2d at 393-94. After the hearing, the trial court

 verified the defendant’s prior record level but left the defendant’s original prison

 sentence intact. Id. at 453, 697 S.E.2d at 394. Nonetheless, this Court vacated the

 trial court’s judgment and remanded the case for resentencing, holding that the trial

 judge did not ensure that the defendant validly waived his right to counsel prior to

 the resentencing proceeding as required by the Sixth Amendment of the U.S.

 Constitution and N.C. Gen. Stat. § 15A-1242. Id. at 453-54, 456, 697 S.E.2d at 394-

 96.

¶ 15 Here, Defendant was similarly serving a prison sentence at the time of the

 resentencing proceeding. After concluding that Defendant was improperly sentenced

 as a prior record level IV instead of III, the trial court reduced Defendant’s original

 sentence by three months. As in Boyd, we conclude that Defendant’s Sixth

 Amendment right to counsel attached at the resentencing hearing. Accordingly,

 Defendant need not show prejudice resulting from the trial court’s failure to ensure

 that he validly waived his right to counsel pursuant to N.C. Gen. Stat. § 15A-1242.

 III. Conclusion

¶ 16 For the reasons stated herein, we conclude that the trial court failed to ensure

 that Defendant validly waived his right to counsel as required by N.C. Gen. Stat. §
 STATE V. DOISEY

 2021-NCCOA-181

 Opinion of the Court

15A-1242. Accordingly, we vacate the trial court’s judgment and remand for

resentencing.

 VACATED AND REMANDED FOR RESENTENCING.

 Chief Judge STROUD and Judge MURPHY concur.